PER CURIAM.
Ronald Fleagle, the insured, appeals from an order of final summary judgment determining that his loss was not covered by his vehicle PIP policy. We reverse.
Ronald Fleagle was injured in his insured vehicle while transporting a loaded shotgun to his pastor’s church. The pastor had been counseling Fleagle regarding marital problems and depression, and asked him to store the shotgun at the church for safekeeping. Fleagle complied with his pastor’s request. He drove home; picked up the shotgun; and returned to the church. After he had parked the truck but while he was still in the vehicle, the shotgun became entangled with something inside the cab of the truck and discharged. Fleagle was shot in the leg, and the injury resulted in the amputation of that leg.
Fleagle suffered medical expenses, lost wages, and a diminished earning capacity. He sought PIP and medical payments from State Farm, his insurer. State Farm denied the claim on the ground that the injury did not result from the use, maintenance, or ownership of the vehicle. Fleagle then sued State Farm, seeking a declaration of coverage and benefits under his policy. State Farm answered and moved for summary judgment; the trial court granted the motion on the ground that the vehicle was merely *857 the situs for the injury, and that the accident did not arise out of the use, maintenance, or ownership of the vehicle.
We reverse, and hold that the result in this case is controlled by Quarles v. State Farm, Mut Auto. Ins. Co., 533 So.2d 809 (Fla. 5th DCA 1988), in which the court held that an accidental shooting occasioned by the unloading of a shotgun from a truck resulted from the ownership, maintenance, or use of the vehicle. Likewise, the accident in this ease fell within the ambit of the policy’s coverage. The injury occurred in the vehicle because the primary purpose of the trip was to transport the shotgun; the accident therefore arose out of the use of the vehicle.
Reversed and remanded for further proceedings consistent with this opinion.
SCHWARTZ, C.J., and GERSTEN, J., concur.
JORGENSON, J., dissents with opinion.